IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01917-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

JAH FREDERICK NATHANIEL MASON, III,

    Plaintiff,

v.

CLEAR CREEK COUNTY SHERIFF,
JUDGE RACHEL OLGUIN-FRESQUEZ, and
FIFTH JUDICIAL DISTRICT ATTORNEY,

    Defendants.

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

    Plaintiff, Jan Frederick Nathan Mason, is incarcerated at the Clear Creek County Jail.  Mr. Mason initiated this action by filing *pro se* a Complaint (ECF No. 1).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the document is deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X   is not submitted (<u>must use and complete all pages of the court's current form revised 10/01/12 with Authorization and Certificate of Prison Official</u>)
(2)   __   is missing affidavit
(3)   X   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   __   is missing certificate showing current balance in prison account
(5)   __   is missing required financial information

(6) ___ is missing an original signature by the prisoner
(7) ___ is not on proper form
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) ___ An original and a copy have not been received by the Court. Only an original has been received.
(10) _X_ other:  <u>Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a § 1915 Motion and Affidavit and a certified copy of his six months' trust fund statement.</u>

**Complaint, Petition or Application**:
(11) ___ is not submitted
(12) _X_ is not on proper form (must use the Court's current form)
(13) ___ is missing an original signature by the prisoner
(14) ___ is missing page no. ___
(15) ___ uses et al. instead of listing all parties in caption
(16) ___ An original and a copy have not been received by the Court. Only an original has been received.
(17) ___ Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18) ___ names in caption do not match names in text
(19) _X_ other:  <u>Fails to request any relief.  Must provide full street address for each named defendant.</u>

The Court must construe the Prisoner Complaint liberally because Mr. Mason is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mason will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Mason alleges that he was issued a citation for speeding and driving without a valid license in what appears to be Clear Creek County Case No. 12-T-976. He further alleges he was arrested for his failure to appear in No. 12-T-976, and subsequently was released on January 23, 2013, on a personal recognizance bond. Trial was set for 8 a.m. on June 25, 2014, but because he arrived late he was arrested

for failure to appear. He alleges that he was booked, apparently placed in a holding cell, and appeared at 1:30 p.m. on the same day before Defendant, Judge Rachel Olguin-Fresquez, who allegedly found that the time he already had served "was in excess of the time I would receive if found guilty of the offenses charged." ECF No. 1 at 5. He fails to allege the outcome of the June 25 proceedings other than to allege that he remains incarcerated. He complains that his constitutional rights have been violated by his continued incarceration and the conditions of his confinement. He fails to make a specific request for relief.

Mr. Mason may challenge the conditions of his confinement in the instant action. To the extent he is seeking relief with respect to claims challenging his current incarceration, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his or her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

However, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Mr. Mason does not allege that he has invalidated any convictions or sentences that pertain

to his current confinement and its duration.

To the extent Mr. Mason may seek to challenge his criminal convictions or obtain his release from incarceration, his sole federal remedy is a writ of habeas corpus after exhausting state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this civil rights action.

If no final judgment has been entered in the state court actions, this Court still must abstain from exercising jurisdiction over claims asking the Court to intervene in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

Mr. Mason's claims against Judge Rachel Olguin-Fresquez are subject to dismissal based on the doctrine of judicial immunity. Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his or her authority, *see Stump*, 435 U.S. at 1105. Further, a judge acts in the clear absence of all jurisdiction only when he or she "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Mr. Mason does not state any facts to indicate that Judge Olguin-Fresquez was acting outside of her judicial capacity.

Mr. Mason also cannot pursue claims against the unnamed district attorney in the Fifth Judicial District. State prosecutors are entitled to absolute immunity in § 1983 suits

for activities within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430).  The unnamed district attorney is immune from liability for any claims that he or she initiated a baseless prosecution against him.

However, Mr. Mason fails to allege the reason or reasons he is suing either the unnamed district attorney or the unnamed Clerk Creek County Sheriff.  In order to state a claim in federal court, Mr. Mason "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Mason should name as defendants in his amended complaint only those persons that he contends actually violated his federal

constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Mason must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 410 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Mason may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Mason uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Mason will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Accordingly, it is

ORDERED that Plaintiff, Jah Frederick Nathaniel Mason, III, cure the designated deficiencies and file an amended Prisoner Complaint that sues the proper parties and

complies with Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of those forms in curing the designated deficiencies and filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED July 14, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge