IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01917-BNB

JAH FREDERICK NATHANIEL MASON, III,

    Plaintiff,

v.

CLEAR CREEK COUNTY SHERIFF,
JUDGE RACHEL OLGUIN-FRESQUEZ,
FIFTH JUDICIAL DISTRICT ATTORNEY,
DOUGLAS K. WILSON, State Public Defender,
JOHN HICKENLOOPER, Colo. Governor,
PEOPLE OF THE STATE OF COLORADO,
DENVER COUNTY COURT JUDGE ROOM 100-K, and
DENVER CITY ATTORNEY,

    Defendants.

---

ORDER TO DISMISS IN PART AND ASSIGN REMAINING
CLAIMS AND CASE TO A PRESIDING JUDGE

---

Plaintiff, Jah Frederick Nathaniel Mason, III, is incarcerated at the Clear Creek County Jail in Georgetown, Colorado. Mr. Mason initiated this action by filing *pro se* a Complaint (ECF No. 1). The Court determined the Complaint was deficient, and on July 14, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Mason within thirty days to cure certain designated deficiencies and file an amended Prisoner Complaint that sued the proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and alleged the personal participation of each named Defendant.

On August 7, 2014, Mr. Mason filed an amended Prisoner Complaint (ECF No. 9) for money damages pursuant to 42 U.S.C. § 1983, the Religious Freedom Restoration

Act (RFRA), and the Americans with Disabilities Act (ADA).

Mr. Mason has been granted leave to proceed pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Mason is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Mason's amended Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at

1110.  A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013).  For the reasons stated below, the Prisoner Complaint and the action will be dismissed in part as legally frivolous pursuant to § 1915(e)(2)(B).

## I. Background

Mr. Mason makes the vague and conclusory allegation that in October 2008 he received a "fully favorable [canonical (religious)] disability determination" by a United States magistrate judge, apparently Plaintiff's purported justification for asserting jurisdiction pursuant to the ADA.  Although Mr. Mason asserts jurisdiction based upon the ADA violations, apparently Title II of the ADA, he fails to allege facts indicating that he is a qualified individual with a disability who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and that exclusion, denial of benefits, or discrimination was because of a disability.  *See Anderson v. Colorado*, 887 F. Supp. 2d 1133, 1143 (D. Colo. 2012) (discussing the elements of Title II of the ADA and section 504 of the Rehabilitation Act).  Mr. Mason's reliance upon the ADA is misplaced.

Mr. Mason alleges that he chooses to exercise his religious freedom, apparently pursuant to RFRA, not to "work for (serve) or bow to (submit) any agency or entity that uses satanic imagery in its seals." ECF No. 9 at 6.  He contends government agencies use satanic imagery on their seals. ECF No. 9 at 5.  RFRA was held unconstitutional as applied to the states in *City of Boerne v. Flores*, 521 U.S. 507, 532-36 (1997); *Rocky Mountain Christian Church v. Board of County Comm'rs of Boulder County*, 612 F.

Supp. 2d 1163, 1171 (D. Colo. 2009). Mr. Mason's reliance upon RFRA also is misplaced.

Mr. Mason asserts nine claims based on his belief that the use of satanic imagery on the seals of government justifies his driving without a license because the seal on Colorado drivers' licenses displays satanic images. He also apparently believes that, by following his religious beliefs in not carrying a driver's license, he should not be charged with traffic offenses as a result. He references on pages two to three of the amended Prisoner Complaint additional individuals he has not included as parties in the caption to this case. They are Bryan Garrett, deputy district attorney; Bruce I. Brown, district attorney; John Doe, Manitou Springs, Colorado, police officer; and John Doe, Denver parking management meter agent.

## II. Claims

### Claim One

As his first claim, Mr. Mason alleges in September 2012 a police officer ticketed him for driving without a license and speeding near Georgetown, Colorado. He further alleges that on December 14, 2012, while he was parked on the side of the road at a rest stop area, a Manitou Springs police officer approached his vehicle; demanded identification; discovered a warrant for Mr. Mason's arrest based on the outstanding ticket for driving without a license and speeding; arrested him; took him to the El Paso County Jail in Colorado Springs, Colorado; and subsequently transferred him to the Clear Creek County Jail, where he currently is confined. Based on these allegations, Mr. Mason contends he was subjected to an unconstitutional search and seizure and a violation of his due process rights.

### Claim Two

As his second claim, Mr. Mason alleges that on December 21, 2012, after he was incarcerated in the Clear Creek County Jail, he appeared before the Honorable Rachel Olguin-Fresquez, who he informed he had a religious disability and did not consent to the court's jurisdiction. On January 23, 2013, he was appointed a public defender and released on a personal recognizance bond. He asserts that at a subsequent hearing he "showed my [public defender] evidence of my SSI canonical disability and evidence (court precedence) that I was exempt from having a driver's license." ECF No. 9 at 15. He contends he cannot be compelled to carry a driver's license because the Colorado seal displays satanic images and that he also cannot be denied the privilege of driving. He asserts the public defender moved to withdraw from his case, and apparently was granted the right to do so because he also alleges that at a subsequent pretrial motions hearing he proceed *pro se* before a "'John Doe'" Judge, ECF No. 9 at 17. He alleges that the People of the State of Colorado were represented by Deputy District Attorney Bryan Garrett, who acted under the direction of Bruce I. Brown. He contends the "John Doe" Judge rejected his arguments and ruled they were inadmissable at the hearing and at trial. Based on these allegations, Mr. Mason asserts claims of "judicial lack of jurisdiction" and "freedom of religion persecution." ECF No. 9 at 15.

### Claim Three

As his third claim, Mr. Mason alleges that he filed a complaint in an unspecified United States District Court in July 2009 "after acquiring self-authenticating evidence from the U.S. Naval Observatory's astronomical almanac, that the Earth's tilt (obliquity) was rapidly decreasing to vertical." ECF No. 9 at 18. He alleges that the complaint was

dismissed. On the basis of these allegations, Mr. Mason asserts claims of "religious freedom God-preservation," "inalienable right self-preservation," "lack of jurisdiction," and "governmental abandonment." ECF No. 9 at 18. A review of this Court's docketing records reveals the complaint was not filed in the District of Colorado. Mr. Mason fails to make clear against which Defendant, if any, claim three is made. Because this claim is vague and conclusory, concerns an action not filed in this Court, and is not asserted against any named defendant, the claim need not be addressed further.

Claim Four

In claim four, Mr. Mason alleges that near the end of December 2013 he was "pulled over by an unmarked police car," ECF No. 9 at 19, and issued a citation for driving without a license. He further alleges that "a month or so later," ECF No. 9 at 19, he parked his car at 10th and Lincoln in Denver, and a meter agent issued him a ticket for missing a front license plate, despite his explanation that he considered himself to be a "religious sovereign and had conscientious objections to the image of mountains on the Colorado plates as they violate God's commands." ECF No. 9 at 19. He further alleges that the meter agent called the Denver police, who had his car towed with his personal property inside because he lacked identification.

He also alleges that he had a trial scheduled for February 12, 2014, before the Honorable Rachel Olguin-Fresquez in Denver County Court Case No. 2012 T 976, which was continued until June 25, 2014, and a replevin action in the same court regarding his car, which the judge dismissed.

He asserts that he filed a "notice of my canonical disability and notice of non-consent," ECF No. 9 at 21, in the Denver County Court Room 100-K, and provided

copies to his unnamed public defender and the unnamed city attorney. At a hearing held in May 2014, he contends the unnamed judge, public defender, and city attorney disregarded his claims and defenses "in an effort to coerce [Plaintiff] into relinquishing [his] religious freedoms and acquiring [a] driver's license." ECF No. 9 at 21. On the basis of these allegations, he asserts claims of First Amendment retaliation and violations of his due process rights under the Fifth and Fourteenth amendments.

### Claim Five

In claim five, Mr. Mason alleges he was arrested for failure to appear at his trial before the Honorable Rachel Olguin-Fresquez in Denver County Court Case No. 2012 T 976, scheduled for June 25, 2014, at 8 a.m., because he failed to arrive at the courthouse until 9:15 a.m., and was "booked, imprisoned, and placed on the 1:30 p.m. docket." ECF No. 9 at 23. He complains that as of July 28, 2014, he has been imprisoned seventy-three days and his next court hearing is scheduled for August 5, 2014. On the basis of these allegations, he contends he has been subjected to cruel and unusual punishment and his equal protection rights have been violated.

### Claim Six

In claim six, Mr. Mason alleges that on June 25, 2014, he was taken into custody by the Clear Creek County Sheriff and unable to make an initial telephone call until July 15, 2014, because the numbers he needed to retrieve were in his mobile telephone, which he was not allowed to use pursuant to the sheriff's policy. On the basis of these allegations, he alleges violations of his First Amendment rights and right to equal protection.

### Claim Seven

In claim seven, Mr. Mason contends that pursuant to policy of the Clear Creek County Sheriff he has been denied the ability to make photocopies for Denver County Court Case No. 2012 T 976, a petition for writ of habeas corpus in the Colorado Supreme Court, and in the instant action. On the basis of these allegations, he asserts violations of the First Amendment, his right of access to the courts, and due process.

### Claim Eight

In claim eight, Mr. Mason contends he is a "professional Messianic Hebrew." ECF No. 9 at 25. He complains that on June 25, 2014, when he was taken into custody by the Clear Creek County Sheriff, and despite the fact that he requested a religious diet, over half his meals contained pork until July 5, 2014, and on August 2, 2014, he was served an undercooked cheeseburger, which the control center staff exchanged for a peanut butter and jelly sandwich. He alleges that he later was informed that, pursuant to the sheriff's policy, he was to be given peanut butter and jelly sandwiches. On the basis of these allegations, he asserts he was denied a religious diet and subjected to religious persecution.

### Claim Nine

As his ninth and final claim, Mr. Mason alleges that after being taken into custody by the Clear Creek County Sheriff he submitted a medical request for anti-anxiety medication similar to the marijuana he usually consumed. On July 14, 2014, he met with a physician, who prescribed Olanzapine, an anti-anxiety and antipsychotic medication that caused him side effects, and on July 28, 2014, was prescribed Risperdal, an antipsychotic. He complains that pursuant to the Clear Creek County Sheriff's policy, the Clear Creek jail medical staff cannot give him anti-anxiety

medications and his prison trust fund account was charged for the medications he was prescribed, despite the fact that he has medical insurance to cover his expenses for medical treatment.

### III. Legal Analysis

Mr. Mason was informed in the July 14 order for an amended Prisoner Complaint that his claims against the Honorable Rachel Olguin-Fresquez are subject to dismissal based on the doctrine of judicial immunity. Likewise, his claims against the unnamed Denver County Court Judge in Room 100-K are subject to judicial immunity. Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his or her authority, *see Stump*, 435 U.S. at 1105. Further, a judge acts in the clear absence of all jurisdiction only when he or she "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Mr. Mason does not state any facts to indicate that Judge Olguin-Fresquez or the unnamed Denver County Court Judge in Room 100-K was acting outside of his or her judicial capacity. Therefore, the claims against Judge Olquin-Fresquez and the unnamed Denver County Court Judge in Room 100-K will be dismissed as legally frivolous.

Mr. Mason also cannot pursue claims against the unnamed district attorney in the Fifth Judicial District and the Denver City attorney, who he names as Defendants, or

Bryan Garrett, deputy district attorney, and Bruce I. Brown, district attorney, who he appears to be suing but fails to name as parties in the caption to the amended Prisoner Complaint. State prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430). The unnamed district attorney in the Fifth Judicial District, the Denver City attorney, Bryan Garrett, and Bruce I. Brown are immune from liability for any claims that they initiated a baseless prosecution against Mr. Mason. The claims asserted against them will be dismissed as legally frivolous.

Mr. Mason also may not sue Douglas K. Wilson, a state public defender. Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). The claims against Douglas K. Wilson will be dismissed as legally frivolous.

Mr. Mason fails to allege the reason or reasons he is suing Colorado Governor John Hickenlooper or the People of the State of Colorado, which is merely the name in which criminal lawsuits are prosecuted because they are brought to represent and protect the legal interests of the people of the State of Colorado. As Mr. Mason was told in the July 14 order for an amended Prisoner Complaint, in order to state a claim in

federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Mason has failed to do so as to these two Defendants. Therefore, the claims against them will be dismissed as legally frivolous.

Mr. Mason's claims against the unnamed Denver parking management meter agent are without merit. He is suing the meter agent for issuing a ticket for a missing front license plate and calling the police, who had his car towed, despite his explanation that he considered himself to be a "religious sovereign and had conscientious objections to the image of mountains on the Colorado plates as they violate God's commands." ECF No. 9 at 19. Although the First Amendment provides protection to religious thoughts and beliefs, the free exercise clause does not prohibit Congress and local governments from validly regulating religious conduct. *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 649 (10th Cir. 2006) (citing *Reynolds v. United States*, 98 U.S. 145, 164 (1878)). Neutral rules of general applicability normally do not raise free exercise concerns even if they incidentally burden a particular religious practice or belief. *Employment Div. v. Smith*, 494 U.S. 872, 879 (1990) (free exercise clause "does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)" (internal quotation omitted)). Thus, a law that is both neutral and generally applicable need only be rationally related to a legitimate governmental interest to survive a constitutional challenge. *United States v.*

*Hardman*, 297 F.3d 1116, 1126 (10th Cir. 2002).  A law is neutral so long as its object is something other than the infringement or restrictions of religious practices.  *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993).

Plaintiff cannot argue there is no legitimate governmental interest in requiring license plates on cars.  Mr. Mason's religious beliefs--whatever they may be--do not excuse him from complying with the State's requirement that he display license plates attached to his car.  *See* Colo. Rev. Stat. § 42-3-202(1)(a) (license plates to be attached to the front and rear of a vehicle); *see also* Colo. Rev. Stat. § 42-1-101 (licenses for drivers required).  The requirement for attached license plates is valid and neutral--all Colorado drivers are required to have license plates on their cars.  Furthermore, Mr. Mason does not allege that the non-use of a license plate is a "deep religious conviction, shared by an organized group, and intimately related to daily living."  *See United States v. Bales*, 813 F.2d 1289, 1297 (4th Cir. 1987) (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 216 (1972)), and is more on the order of a "'philosophical and personal' belief, which does not garner protection under the first amendment."  *Bales*, 813 F.2d at 1297 (quoting *Yoder*, 406 U.S. at 216).  Mr. Mason's claims asserted against the unnamed Denver parking management meter agent will be dismissed as legally frivolous.

Mr. Mason's claims against the John Doe, a Manitou Springs police officer, also are without merit.  In claim one, he alleges that on December 14, 2012, while he was parked on the side of the road at a rest stop area, a Manitou Springs police officer approached his vehicle; demanded identification; discovered a warrant for Mr. Mason's arrest based upon the outstanding ticket for driving without a license and speeding;

arrested him; took him to the El Paso County Jail in Colorado Springs, Colorado; and on December 21, 2012, transferred him to the Clear Creek County Jail, where he currently is confined. Based on these allegations, he contends he was subjected to an unconstitutional search and seizure and a violation of his due process rights.

The Fourth Amendment protects against "unreasonable searches and seizures." *Grobecker v. Grundy*, No. 13-cv-01190-MSK-KLM, 2014 WL 3593513 (D. Colo. July 18, 2014) (not published) (citing U.S. Const. amend. IV). All arrests, with or without a warrant, "must be reasonable under the circumstances." *Grobecker*, 2014 WL 3593513, at *5 (citing *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011)). Mr. Mason fails to allege any facts indicating that his arrest, based upon an outstanding warrant for his arrest, was unreasonable under the circumstances or violated his Fourteenth Amendment due process rights. The claim asserted against the Manitou Springs police officer will be dismissed as legally frivolous.

The last remaining Defendant is the Clear Creek County Sheriff, who Mr. Mason fails to identify in the caption to the amended Prisoner Complaint but who is identified as Don Krueger in the description of the parties. ECF No. 9 at 2. Mr. Mason asserts claims against the Clear Creek County Sheriff in claims six, seven, eight, and nine. Claims six and seven will be dismissed for the reasons stated below.

In claim six, Mr. Mason alleges that on June 25, 2014, when he was taken into custody by the Clear Creek County Sheriff, he was unable to make an initial telephone call until July 15, 2014, because the numbers he needed to retrieve were in his mobile telephone, which he was not allowed to use pursuant to the sheriff's policy. On the basis of these allegations, he alleges violations of his rights under the First Amendment

13

and to equal protection. Mr. Mason fails to allege sufficient, or any, facts to state a plausible claim of violations of his First Amendment rights and rights to equal protection. Without supporting facts, the allegations rest on nothing more than conclusory allegations. *Ashcroft*, 556 U.S. at 681. Mr. Mason's sixth claim will be dismissed as legally frivolous.

In claim seven, Mr. Mason contends that, pursuant to policy of the Clear Creek County Sheriff, he has been denied the ability to make photocopies for Denver County Court Case No. 2012 T 976, a petition for writ of habeas corpus in the Colorado Supreme Court, and in the instant action. On the basis of these allegations, he asserts violations of the First Amendment, his right of access to the courts, and due process.

Again, Mr. Mason fails to allege sufficient, or any, facts to state a plausible claim of violations of his First Amendment rights. Without supporting facts, the allegations rest on nothing more than conclusory allegations. *Ashcroft*, 556 U.S. at 681. Nor does Mr. Mason allege sufficient facts to assert a claim of access to the courts.

The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 349-353 (1995). "The Supreme Court has never extended 'the Fourteenth Amendment due process claim based on access to the courts . . . to apply further than protecting the ability of an inmate to prepare a petition or a complaint.'" *See*

*Love v. Summit County*, 776 F.2d 908, 914 (10th Cir. 1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Mr. Mason fails to assert well-pled facts that his ability to access the court was impeded by an inability to make photocopies for his pending cases in state and federal courts. Claim seven against the Clear Creek County Sheriff will be dismissed as legally frivolous.

In claim eight, Mr. Mason asserts that he is a "professional Messianic Hebrew." ECF No. 9 at 25. He complains that on June 25, 2014, when he was taken into custody by the Clear Creek County Sheriff and, despite the fact that he requested a religious diet, over half his meals contained pork until July 5, 2014, and on August 2, 2014, he was served an undercooked cheeseburger, which the control center staff exchanged for a peanut butter and jelly sandwich. He alleges that he later was informed that, pursuant to the sheriff's policy, he was to be given peanut butter and jelly sandwiches. On the basis of these allegations, he asserts he was denied a religious diet and subjected to religious persecution. This claim will be assigned to a presiding judge and, if appropriate, to a magistrate judge.

As his ninth and final claim, Mr. Mason alleges that, after being taken into custody by the Clear Creek County Sheriff, he submitted a medical request for anti-anxiety medication similar to the marijuana he usually consumed. On July 14, 2014, he met with a physician, who prescribed Olanzapine, an anti-anxiety and antipsychotic medication that caused him side effects, and on July 28, 2014, instead was prescribed Risperdal, an antipsychotic. He complains that pursuant to the Clear Creek County Sheriff's policy, the Clear Creek jail medical staff cannot give him anti-anxiety medications and his prison trust fund account was charged for the medications he was

prescribed, despite the fact that he has medical insurance to cover his expenses for medical treatment. This claim will be assigned to a presiding judge and, if appropriate, to a magistrate judge.

## IV.  Conclusion

For the reasons stated above, the Court finds that all claims, except for claims eight and nine asserted against the Clear Creek County Sheriff, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is

ORDERED that all claims, except for claims eight and nine asserted against the Clear Creek County Sheriff, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the claims against the following Defendants listed in the caption to the amended Prisoner Complaint are dismissed:  Judge Rachel Olguin-Fresquez; Fifth Judicial District Attorney; Douglas K. Wilson, state public defender; John Hickenlooper, Colorado governor; People of the State of Colorado; Denver County Court Judge Room 100-K; and Denver City Attorney. It is

FURTHER ORDERED that the following individuals not included as parties in the caption to this case should be added by the clerk of the Court as Defendants, and the claims against them dismissed:  Bryan Garrett, deputy district attorney; Bruce I. Brown, district attorney; John Doe, Manitou Springs, Colorado, police officer; and John Doe, Denver parking management meter agent. It is

FURTHER ORDERED that the following Defendants are dismissed as parties to this action:  Judge Rachel Olguin-Fresquez; Fifth Judicial District Attorney; Douglas K.

Wilson, State Public Defender; John Hickenlooper, Colo. Governor; People of the State of Colorado; Denver County Court Judge Room 100-K; Denver City Attorney; Bryan Garrett, deputy district attorney; Bruce I. Brown, district attorney; John Doe, Manitou Springs, Colorado, police officer; and John Doe, Denver parking management meter agent.  It is

FURTHER ORDERED that the only remaining Defendant is the Clear Creek County Sheriff.  It is

FURTHER ORDERED that the only remaining claims – claims eight and nine asserted against the Clear Creek County Sheriff – are assigned to a presiding judge and, if appropriate, to a magistrate judge.

DATED at Denver, Colorado, this  20th  day of      August       , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court