IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01917-WJM-BNB

JAH FREDERICK NATHANIEL MASON, III,

Plaintiff,

v.

CLEAR CREEK COUNTY SHERIFF,

Defendant.

_____

# ORDER

_____

This matter arises on the following motions (the "Motions") filed by the plaintiff on

November 20, 2014:

    (1)  **Motion for Appointment of Counsel and Jury Trial Request** [Doc. #40]; and

    (2)  **Motion per Rule 60(b), Relief from a Judgment or Order** [Doc. #41] (the

"Motion for Relief").  The Motions are is DENIED as specified.

The plaintiff seeks appointed of counsel.  I have broad discretion to appoint counsel for a

plaintiff in a civil case.  See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993).  In making

this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the

nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and

(4) the complexity of legal issues raised by the claims.  See Rucks v. Boergermann, 57 F.3d 978,

979 (10th Cir. 1995).

Here, the plaintiff's Amended Complaint [Doc. #9] adequately presents his claims.  The

factual and legal issues raised by the plaintiff's claims are not complex.  In addition, the

allegations of the Amended Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong.  The motion for appointment of counsel is denied.

On October 24, 2014, the plaintiff filed a motion titled "Plaintiff's Motion to Amend Complaint . . . .".  I denied the motion, stating:

> The Federal Rules of Civil Procedure provide that "[a] request for a court order must be made by motion.  The motion must . . . state with particularity the grounds for seeking the order and state the relief sought." Fed. R. Civ. P. 7(b).  This Motion is incomprehensible and fails to specify either any grounds for relief or the precise nature of the relief sought.

The plaintiff seeks reconsideration of my order.  He explains that in his Amended Complaint, he alleged claims related to his criminal convictions.  He states that the court dismissed those claims because his criminal action was still on-going.  He requests that the court review the claims that were previously dismissed because the criminal case was dismissed.  In the alternative, he requests that the court grant him leave to file a second amended complaint.

The plaintiff's description of the record is inaccurate.  On July 14, 2014, the court reviewed the plaintiff's initial Complaint.  The initial Complaint was brought pursuant to 42 U.S.C. § 1983.  The plaintiff alleged that he was issued a citation for speeding and driving without a valid license in what appears to be Clear Creek County Case No. 12-T-976.  He further alleged that he was arrested for his failure to appear in that case and was subsequently released on bond.  Trial was set for June 25, 2014, but the plaintiff did not allege the outcome of the trial. The plaintiff was ordered to file an amended complaint which "sues the proper parties and complies with Rule 8 of the Federal Rules of Civil Procedure." *Order Directing Plaintiff to Cure Deficiencies and File Amended Complaint that Complies with Rule 8* [Doc. #3].  In doing so, the court stated that pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), "if a judgment for

2

damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his

or her criminal conviction or sentence, the § 1983 action does not arise until the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an

authorized state tribunal, or called into question by the issuance of a federal habeas writ."  Id. at

p. 3.  The court further stated that "[i]f no final judgment has been entered in the state court

actions, this Court still must abstain from exercising jurisdiction over claims asking the Court to

intervene in ongoing state proceedings pursuant to Younger v. Harris, 401 U.S. 37, 44 (1971)."

Id. at p. 4.

On August 7, 2014, the plaintiff filed his Amended Complaint [Doc. #9] which asserted

nine claims based on the plaintiff's belief that the use of satanic imagery on government seals

justifies his driving without a license because the seal on Colorado drivers' licenses displays

satanic images.  On August 20, 2014, the court dismissed most of the claims as legally frivolous.

Remaining claims were Claims Eight and Nine as asserted against the Clear Creek County

Sheriff.

In his Motion for Relief, the plaintiff states that on October 21, 2014, the "driving

without a license case" was dismissed because of his disability which he describes as a

"canonical disability."  However, he also states that "[t]he case is set to be dismissed on Dec. 15,

2014."  He erroneously states that all of the claims that were dismissed from his Amended

Complaint "pertained to my guilt regarding the driving charge."  To the contrary, the court

dismissed the Amended Complaint's claims on the basis of judicial and prosecutorial immunity,

failure to state a claim against a state actor, failure to allege personal participation, and failure to

state a claim upon which relief can be granted.  The plaintiff's misrepresentations of the record

3

notwithstanding, he requests that the court "resurrect" the claims that were dismissed or, in the alternative, grant him leave to file a second amended complaint "to include claims regarding malicious prosecution, lack of probable cause, lack of jurisdiction, religious persecution, and false imprisonment."

The court will not reinstate any dismissed claims. If the plaintiff wants to add claims, he must file a motion to amend the Amended Complaint. The motion must detail the proposed amendments and the reasons why the amendments are necessary. In addition, the plaintiff must attach the proposed second amended complaint to the motion. The proposed second amended complaint must be submitted on the court's form; be entitled Proposed Second Amended Complaint; and comply with this Order.

The Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The

philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff's initial Complaint and Amended Complaint are not models of clarity. Therefore, any proposed second amended complaint must comply with this order.  The background statement shall briefly summarize the plaintiff's case and shall not exceed two double-spaced typewritten pages.  Each claim shall be stated separately.  Each claim shall state which defendant the claim is brought against and shall briefly allege facts sufficient to state a claim for relief against those defendants.  Each claim shall not exceed three typewritten pages, double-spaced.

Finally, the plaintiff may not incorporate by reference his original Complaint or his Amended Complaint into the proposed second amended complaint.  The proposed second amended complaint must stand alone; it must contain all of the plaintiff's claims.  Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations and citations omitted).

IT IS ORDERED:

(1)   The plaintiff's Motion for Appointment of Counsel and Jury Trial Request [Doc. #40] is DENIED;

(2)   The plaintiff's Motion per Rule 60(b), Relief from a Judgment or Order [Doc. #41] is DENIED insofar as it seeks reconsideration of previous court orders and DENIED WITHOUT PREJUDICE insofar as it seeks leave to amend the Amended Complaint;

5

(3)   Any future attempts to amend the Amended Complaint shall comply with the

Federal Rules of Civil Procedure and this order; and

(4)   The Clerk of the Court is directed to enclose with this Order a copy of the court's

Prisoner Complaint form.

Dated December 2, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

6