## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01917-WJM-NYW

JAH FREDERICK NATHANIEL MASON, III,

      Plaintiff,

v.

CLEAR CREEK COUNTY SHERIFF,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Nina Y. Wang

This action comes before the court on Defendant Clear Creek County Sheriff ("Defendant") Motion to Dismiss, filed on October 8, 2014 [#32] ("Motion to Dismiss"). Pursuant to the Order Referring Case dated August 21, 2014 [#16], the Memorandum dated October 8, 2014 [#33], and the Reassignment dated February 10, 2015 [#48], the Motion to Dismiss is before this Magistrate Judge. The court has reviewed the operative Complaint [#9], the Motion to Dismiss, Plaintiff's Response [#58], and Defendant's Reply [#58], any associated exhibits, the case file in the instant action, and the applicable case law. Finding that oral argument would not materially assist in its disposition, the court hereby respectfully RECOMMENDS the Motion to Dismiss be GRANTED IN PART and DENIED IN PART.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiff Jah Frederick Nathaniel Mason, III (also "Plaintiff" or "Mr. Mason") filed his original Complaint in this action on July 9, 2014 [#1]. On July 14, 2014, determining that the Complaint was deficient, Magistrate Judge Boyd N. Boland entered an order requiring Plaintiff

to cure certain designated deficiencies, and to file a procedurally appropriate amended Prisoner Complaint.  [#3].   On August 7, 2014, Plaintiff filed his amended and operative Prisoner Complaint (the "Complaint").  [#9].

By order dated August 20, 2014, Senior Judge Lewis T. Babcock, pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed all but two of Plaintiff's claims a legally frivolous.  [#13].  Plaintiff's remaining claims against Defendant under 42 U.S.C. § 1983 attempt to state claims for "Religious Persecution" in violation of the First Amendment and for "Denial of Medical Treatment" in violation of the Eighth Amendment's prohibition against cruel and unusual punishments.  [#9 at 25-26].  The court recites relevant allegations from these claims below that, where well-pled, are taken as true for purposes of resolving the instant Motion to Dismiss.

As to his first claim for relief, Plaintiff's Complaint alleges that, on June 25, 2014, he was "taken into custody by the Clear Creek Sheriff."  [*Id.* at 25].  According to the Complaint, Mr. Mason made it clear to staff at the Clear Creek County Jail during his intake that Mr. Mason's religious beliefs included a prohibition against the ingestion of pork.  [*Id.*].  Nevertheless, "over half the meals served [to Plaintiff] contained pork until July 5, 2014."  [*Id.*].

On August 2, 2014, Plaintiff alleges that he was served an undercooked cheeseburger containing pink meat.  [*Id.*].  Plaintiff further alleges that after he informed the deputy that his cheeseburger was undercooked, the deputy initially told him to eat it, before taking the tray and returning with a peanut butter and jelly sandwich.  [*Id.*]  According to the Complaint, Plaintiff was later informed by prison staff that "they only have to give me peanut butter and jelly sandwiches for meals despite giving the other prisoners gourmet meals."  [*Id.*]

As to Plaintiff's second claim for relief, Plaintiff alleges that, upon being taken into custody, he "advised intake deputies that I suffered from a canonical disability and explained in

detail, the nature of said disability." [*Id.* at 26]. Plaintiff's Complaint further alleges that he "explained that I consume marijuana for anxiety" and that he subsequently "submitted a medical request for anti-anxiety medication on par with marijuana." [*Id.*]. Around July 14, 2014, Plaintiff met with a doctor who prescribed Olanzapine to Plaintiff, presumably as an alternative to marijuana. [*Id.*]. According to the Complaint, this drug "is not an anti-anxiety med" but rather an "anti-psychotic—with anxiety as a side effect." [*Id.*]. Plaintiff complained about various side effects including breathing problems, and, as a result, was later prescribed with Risperdal, another anti-psychotic medication." [*Id.*]. Plaintiff claims that medical staff at "Clear Creek" later informed Plaintiff that, pursuant to "Sheriff Krueger's policy, they cannot give [Plaintiff] anti-anxiety medications. [*Id.*].

## ANALYSIS

### I.    Standard of Review

Defendant moves to dismiss Plaintiff's Complaint pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure. The standard for analyzing whether a complaint states a cognizable claim under Fed. Rule Civ. P. 12(b)(6) is well-known. The court must not only accept as true all well-pleaded facts, but also must also all reasonable inferences in favor of plaintiff to decide whether they plausibly entitle plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); *accord*. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (recognizing that a plaintiff must frame a complaint with enough factual matter, when taken as true, to plausibly suggest that he or she is entitled to relief) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim may be dismissed because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to

state sufficient facts to establish a legally recognized claim. *Golan v. Ashcroft*, 310 F.Supp.2d 1215, 1217 (D. Colo. 2004). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II.     Application to Plaintiff's Violation of Free Exercise Rights Claim

As noted by Defendant [#32 at 4], to state a cognizable claim that Defendant violated Mr. Mason's right to free exercise of his religious beliefs under the First and/or Fourteenth Amendments, Plaintiff must "adequately allege that the defendants substantially burdened [his] sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("*Gallagher*"). Moreover, a plaintiff must "'must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983.'" *Id.* (quoting *Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006). As held in *Gallgher*, in cases such as the instant one where Plaintiff claims that his original request for accommodation was not granted for a week and a half [#9 at 25], allegations of mere delay in the processing of an inmate's request for religious accommodation do not by themselves state a plausible claim that custodial officials consciously or intentionally interfered with an inmate's free exercise rights. *Gallagher* at 1170. Plaintiff's Complaint simply fails to plead enough factual matter that, if taken as true, would allow for a plausible inference of wrongdoing—*e.g.* facts showing that jail personnel repeatedly intentionally ignored Plaintiff's requests for accommodation.

As to Plaintiff's allegations that he was once served an undercooked cheeseburger that was replaced by a peanut butter and jelly sandwich rather than a gourmet meal, the "presentation of a meal an inmate considers impermissible" is not standing alone necessarily "a substantial

burden on an inmate's religious exercise." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1316 (10th Cir. 2010). Simply put, Plaintiff's "Religious Persecution" claim is too devoid of factual detail to allow for a plausible inference that any Clear Creek official burdened Plaintiff's free exercise rights, other than perhaps as a result of isolated acts of negligence. As I result, I recommend that this claim be dismissed.

## III.     Application to Plaintiff's Eighth Amendment Cruel and Unusual Punishment Claim

Defendant argues that Plaintiff has failed to state a plausible claim that he was denied appropriate medical treatment for his anxiety disorders, but instead has merely alleged that he disagreed with his Clear Creek doctor's treatment recommendations. [#32 at 9-10]. Were that clearly the case, Defendant would be entitled to dismissal. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). But Plaintiff also alleges that the "medical staff here at Clear Creek informed [Plaintiff] that per Sheriff Krueger's policy, they cannot give [Plaintiff] anti-anxiety medications." [#9 at 26].

The court's task at this juncture as to take all facts pled as true, and to draw all reasonable inferences in favor of Plaintiff – not to weigh the evidence or to make any credibility assessments. The Eighth Amendment requires prison officials to provide humane conditions for confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment under the Eighth Amendment. *See Anderson v. Colorado Dep't of Corrections*, 848 F. Supp. 2d 1291, 1299 (D. Colo. 2012). To state a cognizable claim, Plaintiff must plead sufficient facts, which taken as true for the purposes of this instant motion, to establish that (1) objectively, the medical need is sufficiently serious, and (2) defendant knew of and disregarded an excessive risk to Plaintiff's health and safety. *Id.*

Mr. Mason alleges that "[u]pon being taken into custody by the Clear Creek Sheriff, I advised intake deputies that I suffered from a canonical disability and explained in detail, the nature of the disability." [#9 at 26].   Though framed as a challenge to whether Mr. Mason's medical condition was objectively sufficiently serious, the core of Defendant's argument does not take issue with whether Plaintiff's anxiety was sufficient to warrant treatment, but whether the treatment was adequate.   [#32 at 10-11]. Having reviewed Mr. Mason's Complaint as a whole, and interpreting his allegations liberally, I conclude that Plaintiff has sufficiently stated that he has a sufficiently serious need.  [*Id.*].

Therefore, I turn my focus to Defendant's more vigorous arguments, *i.e.*, that the treatment was simply a difference between Mr. Mason's desire for marijuana and treatment by the physician and that the named Defendant had no personal participation in the alleged constitutional violation.  Defendant insists that Mr. Mason was given two different medications, and the dispute arises from Mr. Mason's desire to be treated with marijuana.  [*Id.* at 10].  Indeed, Defendant advises the court in a footnote that if this instant motion is denied, then he will file a motion for summary judgment.   [*Id.* at 32 n.4].   Even if there is a difference in medical judgment, that alone does not foreclose the possibility that the medical or mental health treatment will be so inadequate that it may give rise to a constitutional violation.  *See Anderson*, 848 F. Supp. 2d at 1299.  As for whether he had adequate personal participation to be found liable for a Section 1983 claim, Defendant insists that "the Sheriff did not prevent the Plaintiff from receiving medical care or the drugs prescribed to the Plaintiff."  [#32 at 12].  That may ultimately be proven to be true, but construing all well-pleaded facts in the Complaint in favor of Plaintiff, I find that he has adequately pled personal participation.   Defendant's Motion acknowledges that the Sheriff knew of Plaintiff's medical needs.  [*Id.*].  Mr. Mason specifically

6

pled "[w]hen asked whether I take any medications for the condition, I explained that I consumed marijuana for anxiety" and that he was specifically told "medical staff here at Clear Creek informed me that per Sheriff Krueger's policy, they cannot give me anti-anxiety medications." [#9 at 26].

Accordingly, I recommend that Defendant's Motion to Dismiss be DENIED as to Plaintiff's Eighth Amendment claim.  Defendant will be free to challenge the veracity of Plaintiff's allegations at summary judgment or at trial.

## CONCLUSION

Accordingly, for the reasons set forth herein, this court respectfully RECOMMENDS that:

(1)    Defendant Clear Creek County Sheriff's Motion to Dismiss [#32] be GRANTED IN PART and DENIED IN PART;

(2)    That Plaintiff's Eighth Claim for Relief [Violation of Free Exercise Rights] be DISMISSED WITHOUT PREJUDICE;

(3)    That the Motion to Dismiss be otherwise DENIED.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance*

DATED:  August 10, 2015                    BY THE COURT:


                                           s/ Nina Y. Wang
                                           Nina Y. Wang
                                           United States Magistrate Judge

---

*Co. v. Wyoming Coal Refining Systems, Inc.*, 52  F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's  order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs  waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).