**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-1917-WJM-NYW

JAH FREDERICK NATHANIEL MASON, III,

    Plaintiff,

v.

CLEAR CREEK COUNTY SHERIFF,

    Defendant.

---

**ORDER ADOPTING AS MODIFIED AUGUST 10, 2015 RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on United States Magistrate Judge Nina Y. Wang's Recommendation dated August 10, 2015 ("Recommendation," ECF No. 60), which recommended granting in part and denying in part a motion to dismiss filed by Defendant Clear Creek County Sheriff ("Sheriff") (ECF No. 32).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  The Sheriff filed a timely Objection to the Recommendation.  (ECF No. 61.)  For the reasons set forth below, the Sheriff's Objection is sustained in part and overruled in part, the Recommendation is adopted as modified, and the Sheriff's motion to dismiss is granted in part and denied in part.

**I. STANDARD OF REVIEW**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

Because Mason is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Mason, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Mason claims that in late September 2012, he was pulled over in Clear Creek County, Colorado, and cited for speeding and driving without a license. (ECF No. 9 at

13.)  He was ordered to appear at a traffic citation hearing in November 2012 but he forgot about that hearing.  (*Id.*)  In December 2012, he was arrested in El Paso County, Colorado, and then transported to the Clear Creek County Jail.  (*Id.* at 13–14.)  He was released on bond in January 2013.  (*Id.* at 15.)

Apparently Mason chose to go to trial on his traffic citation.  (*Id.* at 22.)  Trial was set for June 25, 2014, at 8:00 a.m.  (*Id.* at 22–23.)  Due to freeway traffic on the morning of June 25, Mason arrived an hour late, was arrested for failure to appear, and once again booked into the Clear Creek County Jail.  (*Id.* at 23–24.)  Mason filed his original complaint (ECF No. 1) and his amended complaint (the currently operative complaint, ECF No. 9) from jail.  He was released sometime between August 18 and September 15, 2014.  (*Compare* ECF No. 12–1 *with* ECF No. 27.)

Mason's complaint alleges numerous constitutional violations arising from his stay in the Clear Creek County Jail, as well as from certain other actions by Denver Police and various other government entities.  Acting under 28 U.S.C. § 1915(e)(2)(B), this Court screened Mason's complaint and dismissed seven of his nine causes of action as legally frivolous.  (ECF No. 13.)  The remaining causes of action (discussed in more detail below) are for religious persecution (Claim 8) and inadequate medical care (Claim 9), and are at least nominally directed at the Sheriff.

### III.  ANALYSIS

The Sheriff moved to dismiss Claims 8 and 9 for failure to state a claim.  (ECF No. 32.)  The Magistrate Judge recommended granting that motion as to Claim 8, without prejudice, but denying it as to Claim 9.  (ECF No. 60.)  Mason filed no objection

to the recommendation regarding Claim 8 but the Sheriff has objected to the without-prejudice nature of that recommendation.  (ECF No. 61 at 8–9.)  The Sheriff has also objected to the Magistrate Judge's recommendation that Claim 9 remain.  (*Id.* at 4–8.)  The Court will discuss each Claim in turn.

**A.     Claim 8**

Claim 8 alleges that the Sheriff persecuted Mason on account of his religious beliefs when Mason objected to a non-kosher portion of his meal and the entire meal was replaced with a peanut butter and jelly sandwich.  (ECF No. 9 at 25.)  As just noted, Mason filed no objection to the Magistrate Judge's recommendation that Claim 8 be dismissed.  The Court sees no clear error on the face of the record with respect to that recommendation, and therefore adopts it.  *See* Fed. R. Civ. P. 72 Advisory Committee's Note.

The Sheriff, however, insists that the dismissal should be with prejudice rather than without because the Magistrate Judge has previously denied a motion to amend and has also stricken an amended complaint filed without first obtaining leave.  (*See* ECF Nos. 39, 57.)  The Sheriff therefore claims that Mason "cannot further amend his Complaint."  (ECF No. 61 at 9.)  Neither of the Magistrate Judge's previous orders forbids further amendment, however.  The Sheriff is therefore incorrect to say that Mason can no longer amend under any circumstances.

The Sheriff also contends that any further amendment would be futile.  (*Id.*)  The Court cannot say on this record that all possible amendments would be futile.  Consequently, the Sheriff's objection to this portion of the Magistrate Judge's

Recommendation is overruled.

**B.    Claim 9**

Claim 9 alleges a denial of medical treatment during Mason's second stay in the Clear Creek County Jail, which lasted from June 25, 2014, through at least August 18, 2014, and perhaps as late as September 15, 2014. In relevant part, Claim 9 reads as follows:

> Upon being taken into custody by the Clear Creek Sheriff, I advised intake deputies that I suffered from a canonical disability and explained, in detail, the nature of said disability. When asked if I take any medications for the condition, I explained that I consume marijuana for anxiety. (Per Genesis 1:29).[1] Subsequently, I submitted a medical request for anti-anxiety medication on par with marijuana. On or about July 14, 2014, I met with the doctor, who prescribed me olanzapine—which is not an anti-anxiety med, but an anti-psychotic—with anxiety as a side effect. I complained of having breathing problems/dizziness/anxiety and it was discontinued. About July 28, 2014, the doctor prescribed me Risperdal, which is an anti-psychotic, with anxiety as a side-effect. . . . The medical staff here at Clear Creek informed me that per Sheriff Krueger's policy, they cannot give me anti-anxiety medications.

(ECF No. 9 at 26.)[2]

The Magistrate Judge recommended that (1) Claim 9 should survive the Motion

---

[1] Genesis 1:29 (KJV) reads, "And God said, Behold, I have given you every herb bearing seed, which is upon the face of all the earth, and every tree, in the which is the fruit of a tree yielding seed; to you it shall be for meat."

[2] Mason frames this as a "cruel and unusual punishment" claim (*id.*), obviously invoking the Eighth Amendment. Because Mason complains of treatment in *pretrial* detention, his claim technically derives from the Fourteenth Amendment, rather than the Eighth Amendment. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002). But this is a distinction with no practical difference, because when it comes to claims of inadequate medical care in pretrial detention, the Fourteenth Amendment "analysis [is] identical to that applied in Eighth Amendment cases." *Id.* (internal quotation marks omitted).

to Dismiss, (2) it is a claim directed at the Sheriff personally, and (3) Mason has sufficiently alleged the Sheriff's personal awareness and/or participation in the alleged deprivation, such that the Sheriff can be held liable for the actions of his subordinates. (ECF No. 60 at 5–7.) The Sheriff challenges all three conclusions.

For the reasons explained below, the Court agrees with the Magistrate Judge's first recommendation, *i.e.*, that Mason has stated a claim for inadequate medical care. However, the Court finds that the Magistrate Judge erred in the second and third conclusions, regarding the Sheriff's personal participation. Mason has alleged a *Monell* claim, not a personal liability claim. Thus, Claim 9 still survives, but in a somewhat different form.

    1.    <u>Adequacy of the Claim</u>

The Sheriff argues that Mason's "canonical disability" is actually "religious in nature, and is not medical in nature," and therefore the Magistrate Judge should have dismissed Claim 9 because Mason failed to allege an actual medical need. (ECF No. 61 at 1–2, 4.) This requires some exploration of the term "canonical disability."

In the law, "canonical disability" is an antiquated phrase referring to certain conditions that the canon law once recognized as grounds for annulling a marriage. *See* 1 William Blackstone, *Commentaries* *434. These conditions included "consanguinity, or relation by blood; and affinity, or relation by marriage; and some particular corporal infirmities." *Id.* Among those "corporal infirmities" was impotence, for which "canonical disability" apparently became something of a euphemism. *See* Black's Law Dictionary, s.v. "disability (3)" (10th ed. 2014); *see also id.*, s.v.

"impediment."

Here, however, the Court doubts that Mason intended "canonical disability" to refer to impotence. Elsewhere in his complaint, Mason continually speaks of his "canonical disability" in connection with a realization that various government seals supposedly contain Satanic images. (ECF No. 9 at 5–8, 15, 21.) Mason alleges that this realization eventually led him to "understand that the Bible is, in part, an astronomical almanac tracking a 13,000 year cycle called 'axial precession' . . . whereby the earth's tilt (obliquity) is rapidly shifting to a vertical incline." (ECF No. 9 at 8–9.) Mason believes that when this axial shift reaches a certain point, it will cause "an extinction level event." (*Id.* at 10.) In his response to the Sheriff's motion to dismiss, Mason elaborates:

> I allege that I suffer from a serious condition (canonical disability). . . . I have self-authenticated evidence from the U.S. Naval Observatory that demonstrates [that] all of life on the surface of Earth will BE DEAD SOON. This is a serious condition. I require anti-anxiety medication to deal with the depression and mental anguish.

(ECF No. 58 at 3.)[3]

Thus, the Court agrees with the Sheriff that when Mason told jail staff of his "canonical disability," he was probably referring ultimately to a religious belief about the end of the world. Nonetheless, whatever Mason said to jail staff, Mason claims that it prompted them to "ask[] if [he] take[s] any medications for the condition." (*Id.* at 26.) Mason further claims that he "explained that [he] consume[s] marijuana for anxiety,"

---

[3] A party may not use a response to a motion to dismiss to amend the complaint. *See Sudduth v. Citimortgage, Inc.*, 79 F. Supp. 3d 1193, 1200 n.2 (D. Colo. 2015). The Court notes Mason's response only for the clarity it supplies regarding the meaning of "canonical disability."

and that he later "submitted a medical request for anti-anxiety medication on par with marijuana." (*Id.*) Thus, Mason eventually asserted a specific claim of anxiety and a need for medication, which he was denied because the Sheriff allegedly has a policy prohibiting his staff from dispensing anti-anxiety medications.

The Sheriff argues that, at best, the foregoing shows only a non-constitutional dispute over a prison doctor's judgment regarding whether Mason needs anti-anxiety medication as opposed to anti-psychotic medication. (ECF No. 61 at 5–6.) After discovery, the Sheriff may indeed be able to demonstrate that this is what actually happened. As pleaded, however, that is not Mason's claim. Mason's complaint does not contain any allegation suggesting that the prison doctor, using medical judgment, decided not to prescribe anti-anxiety medication. Rather, the complaint alleges that the Sheriff forbade anyone from prescribing anti-anxiety medication. Thus, taking Mason's allegations as true for present purposes, Mason has alleged a total denial of medical treatment for his anxiety condition for approximately two months. Under Federal Rule of Civil Procedure 8(a)'s minimal pleading standards, this is sufficient to state a Fourteenth Amendment violation (analogous to a Eighth Amendment violation) for denial of adequate medical care. The Magistrate Judge's Recommendation is adopted in that respect.

    2.    <u>Attribution to the Sheriff Personally</u>

The Sheriff also objects that the Magistrate Judge improperly found that Mason had alleged the Sheriff's personal participation in the decisions regarding Mason's medical care. (ECF No. 61 at 6–8.) The Court agrees with the Sheriff and will modify the Magistrate Judge's recommendation.

The Magistrate Judge concluded that Mason was suing the Sheriff for his personal participation in the alleged denial of medical care, and that Mason "has adequately pled personal participation." (ECF No. 60 at 6.) Having reviewed Mason's various filings *de novo*, the Court concludes that Mason has not alleged, and has never intended to allege, the Sheriff's personal participation.

Mason's complaint only mentions the Sheriff with respect to his alleged policies, which Mason learned about from others:

- "I was told [by jail staff] that I could not retrieve any information from my phone, because it is against Sheriff Don Krueger's policy to open cell phones in the facility." (ECF No. 9 at 24.)
- "Per Sheriff Krueger's policy, I have been denied the ability or opportunity to make legal copies . . . ." (*Id.*)
- "Later, Deputy Walsh informed me that, per Sheriff Krueger's policy, they only have to give me peanut butter and jelly sandwiches . . . ." (*Id.* at 25.)
- "The medical staff here at Clear Creek informed me that per Sheriff Krueger's policy, they cannot give me anti-anxiety medications." (*Id.* at 26.)
- "Per Sheriff Krueger's policy, my prisoner account was charged for my medical treatment . . . ." (*Id.*)
- "Request for Relief * * * Claims Six-Nine: $33,000 for violation of rights by Clear Creek Sheriff policies." (*Id.* at 28.)

The question of the Sheriff's personal participation arose for the first time in a

footnote in the Sheriff's motion to dismiss: "The *pro se* Plaintiff's pleadings cannot be construed as asserting individual claims against the Sheriff. If this Court disagrees . . . the Sheriff reserves the right to raise the defense of qualified immunity in a subsequent motion." (ECF No. 32 at 1.) Mason's response to that motion contained nothing to refute this footnote. (ECF No. 58.) Rather, Mason continued to assert claims arising from the Sheriff's policies, as implemented by others:

- "In my case, much of the delay [in securing a kosher diet] was the result of Sheriff policy to make the Prisoners see the nurse, who then approves the religious diet." (*Id.* at 2.)

- "Whether or not the delay in placing me on the religious diet list was reasonable is a fact question for the jury. None-the-less, the Sheriff Deputies and medical staff showed deliberate indifference to my religious beliefs . . . ." (*Id.*)

- "Under the Sheriff's policy, he does not permit the medical staff to give prisoners anti-anxiety medications. . . . This is a deliberate and intentional denial of medical assistance, per policy." (*Id.* at 3.)

- "Sure, I consented to try other alternatives BECAUSE the Sheriff would not let the Dr. give me adequate treatment. It was not a disagreement over the treatment, the Sheriff simply does not permit the Dr. [to] give anti-anxiety meds in his jail. To deny the right treatment, in favor of the wrong treatment—as a matter of policy, is deliberate indifference to a serious medical need." (*Id.*)

Given all this, the Court understands Mason to be alleging only a claim under

*Monell v. Department of Social Services*, 436 U.S. 658 (1978), for municipal liability based on the Sheriff's alleged policies, not a claim against the Sheriff personally. *See, e.g.*, *Cordova v. Aragon*, 569 F.3d 1183, 1193 (10th Cir. 2009) ("To succeed in a § 1983 claim against a municipality, a plaintiff must show two elements: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." (internal quotation marks omitted)); *Garcia v. Salt Lake Cnty.*, 768 F.2d 303, 308 n.4 (10th Cir. 1985) ("The Sheriff's policy, also attributable to the jail physician, thus qualified as policy attributable to a municipal policymaker under *Monell*."); *see also Bristol v. Bd. of Cnty. Comm'rs of Cnty. of Clear Creek*, 312 F.3d 1213, 1219 (10th Cir. 2002) (county sheriffs in Colorado are constitutionally independent from boards of county commissioners and have plenary authority over their deputies).

Accordingly, the Court sustains the Sheriff's objection and modifies the Recommendation to permit Mason to pursue a *Monell* claim, rather than a personal participation claim against the Sheriff.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Sheriff's Objections to the Recommendation (ECF No. 61) are SUSTAINED IN PART and OVERRULED IN PART, as stated above;

2. The Recommendation (ECF No. 60) is ADOPTED AS MODIFIED, as stated above; and

3. The Sheriff's Motion to Dismiss (ECF No. 32) is GRANTED IN PART and

DENIED IN PART. Mason's eighth claim for relief is DISMISSED without prejudice. The Sheriff's Motion to Dismiss is otherwise DENIED.

Dated this 10th day of September, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge