**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01917-WJM-NYW


JAH FREDERICK NATHANIEL MASON, III

      Plaintiff,

v.

CLEAR CREEK COUNTY SHERIFF,

      Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Nina Y. Wang

      This matter is before the court on Plaintiff Jah Frederick Nathaniel Mason III's ("Plaintiff" or "Mr. Mason") Motion for Summary Judgment or for Trial Setting (the "Motion"). [#67, filed Feb. 26, 2016]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(2), the Order of Reference dated August 21, 2014 [#16], the Reassignment dated February 10, 2015 [#48], and the Memorandum dated March 17, 2016 [#69]. For the following reasons, (1) the court respectfully **RECOMMENDS** that the Motion for Summary Judgment be **DENIED**; and (2) the court **GRANTS** Mr. Mason's request to set a Final Pretrial Conference.

**BACKGROUND**

      Plaintiff filed his original *pro se* Complaint [#1] on July 9, 2014 and an Amended Complaint [#9], which is the operative complaint in this case, on August 7, 2014. Mr. Mason originally asserted nine causes of action against a number of defendants. However, seven of the

nine causes of action were dismissed as legally frivolous during screening by the court pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* [#13].  The two cause of action that survived screening, a constitutional claim alleging religious persecution (Claim 8) and a constitutional claim alleging inadequate medical care (Claim 9), were then the subject of a Motion to Dismiss filed by Defendant.  [#32].  On August 10, 2015, this court issued a Recommendation that the Motion to Dismiss be granted as to Claim 8 and denied as to Claim 9.  [#60].

On September 10, 2015, the Honorable William J. Martinez, the presiding judge in this case, issued an Order adopting the undersigned Magistrate Judge's recommendation to dismiss Claim 8 and adopting in part the recommendation regarding Claim 9.  [#63].  Judge Martinez found that Mr. Mason's allegations in the Amended Complaint were sufficient to state a municipal liability claim against the Clear Creek County Sheriff under *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978) for alleged denial of medical care stemming from the alleged failure to provide him ant-anxiety medication for approximately two months while he was being held in the Clear Creek County Jail between June 25, 2014 and August 18, 2014, and perhaps as late as September 15, 2014.  *See* [#63 at 11].

Claim 9, the remaining claim, alleges a denial of medical treatment during Mr. Mason's stay in the Clear Creek County Jail following failure to appear for a trial on a traffic violation, which lasted from June 25, 2014, through at least August 18, 2014, and perhaps as late as September 15, 2014.  In relevant part, Claim 9 reads:

> Upon being taken into custody by the Clear Creek Sheriff, I advised intake deputies that I suffered from a canonical disability and explained, in detail, the nature of said disability. When asked if I take any medications for the condition, I explained that I consume marijuana for anxiety.   (Per Genesis 1:29). Subsequently, I submitted a medical request for anti-anxiety medication on par with marijuana.  On or about July 14, 2014, I met with the doctor, who prescribed me olanzapine—which is not an anti-anxiety med, but an anti-psychotic—with anxiety    as    a    side    effect.    I    complained    of    having    breathing

problems/dizziness/anxiety and it was discontinued.   About July 28, 2014, the doctor prescribed me Risperdal, which is an anti-psychotic, with anxiety as a side-effect. . . . The medical staff here at Clear Creek informed me that per Sheriff Krueger's policy, they cannot give me anti-anxiety medications.

[#9 at 26]

Mr. Mason filed the present Motion on February 26, 2016.  [#67].  Mr. Mason requests that the court enter summary judgment in his favor or, alternatively, set a Final Pretrial Conference.  [*Id.*].  Defendant filed a response in opposition to the Motion, arguing that summary judgment is inappropriate because Mr. Mason has not met his burden to establish that no genuine dispute as to material facts exists and that the court should not set a trial date because the court should first decide dispositive motions, including a motion for summary judgment which Defendant intends to file.  [#68].

## ANALYSIS

The court first notes that Mr. Mason is proceeding *pro se* in this case.  "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "The *Haines* rule applies to all proceedings involving a *pro se* litigant, including . . . summary judgment proceedings."  *Id.* at n.3 (citations omitted).  However, the court cannot be a *pro se* litigant's advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Mr. Mason requests that the court either grant summary judgment in his favor or set this matter for a pretrial conference.  *See* [#67].  Mr. Mason argues that summary judgment is appropriate because the record reflects that: (1) a municipal employee committed a constitutional violation (depriving him of medications to alleviate anxiety for over two months); and (2) the Sheriff had a policy ban on anti-anxiety medications.  [*Id.*]; *see also Cordova v. Aragon*, 569

F.3d 1183, 1193 (10th Cir. 2009) ("To succeed in a § 1983 claim against a municipality, a plaintiff must show two elements: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation.") (internal quotation omitted).   However, Mr. Mason acknowledges that there are genuine disputes as to material facts in this case, including whether he suffers from anxiety that requires specific medications. *See* [#67].   Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Accordingly, the court respectfully recommends denying Mr. Mason's request for summary judgment, particularly in light of the fact that discovery in this matter has not commenced.

Mr. Mason requests as an alternative to summary judgment that the court set a Final Pretrial Conference.   The court will grant this request.   The court has set a Scheduling Conference to take place on April 19, 2016, at which time the court and the Parties will address discovery in this case and the court will set a date for the Final Pretrial Conference. *See* [#70]. Regarding Defendant's concern that setting a trial date is premature, this court simply directs Defendant to the practice standards of Judge Martinez regarding the timing of trial settings that will be followed with respect to this case.

## CONCLUSION

For the foregoing reasons,

(1)    The court respectfully **RECOMMENDS** that Mr. Mason's Motion for Summary Judgment or for Trial Setting [#67] be **DENIED IN PART** as to his request for summary judgment;[1] and

(1)    The court **GRANTS** Mr. Mason's request to set a Final Pretrial Conference.  The court will set a date for the Final Pretrial Conference during the Scheduling Conference.


DATED: April 7, 2016                    BY THE COURT:


                                        s/Nina Y. Wang
                                        United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).